ATTORNEY FOR APPELLANT
Bryan Lee Ciyou
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Michael Cheerva
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 49S04-0409-CV-00429

DONNA J. MACLAFFERTY,

*Appellant (Respondent below)*,

v.

WILLIAM P. MACLAFFERTY,

*Appellee (Petitioner below)*.

Appeal from the Marion County Superior Court, No. 49D03-0212-DR-2054
The Honorable Patrick McCarty, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 49A04-0309-CV-491

**June 28, 2005**

**Sullivan, Justice.**

The trial court reduced William P. MacLafferty's child support obligation by approximately 14% after Donna J. McLafferty, the custodial parent of their two children, obtained full-time employment and thereby increased her weekly income by $375. Because the increase in her income is extremely modest compared to his income, we find that requirements set by the Legislature for modifying the terms of a prior child support order—a showing of changed circumstances "so substantial and continuing as to make the terms unreasonable"—have not been met.

## Background

The marriage of William P. MacLafferty ("Father") and Donna J. MacLafferty ("Mother") was dissolved on June 30, 1995. Physical custody of the couple's two children was awarded to Mother. Since then, Mother and Father have been back to court a number of times with disputes over child support, parenting time, and other issues. In the proceeding immediately prior to the litigation at hand, Father's prior child support obligation of $406 per week was modified by court order dated April 17, 2002, to $364 per week plus six percent of any bonus income earned.

Father filed a petition to modify the April 17, 2002, order on October 28, 2002, requesting that his support obligation be decreased because Mother had obtained full-time employment, and her income had increased. According to the trial court, obtaining full-time employment caused Mother's income for child support purposes to increase from $324 per week ($16,848 annualized) to $709 ($36,868 annualized). Father's income for child support purposes also increased during this time period, from $2,287 per week ($118,924 annualized) to $2,407 ($125,164 annualized); none of these amounts include bonuses.[1]

Father's petition also sought changes in parenting time and the treatment of the children's summer camp expenses and requested that Mother be directed to comply with various provisions of prior court orders concerning parenting time.

After a hearing on April 14, 2003, the court granted Father's petition on July 10, 2003. The court's order reduced Father's child support obligation to $313 per week (plus 6% of any bonus income earned), a 14% reduction from the previous amount, and granted Father the other relief he sought with respect to parenting time (including the directives to Mother relating to compliance) and children's summer camp expenses.

---

[1] The amounts set forth represent income calculated in accordance with the Indiana Child Support Guidelines and may differ from actual income because of certain adjustments required by the Guidelines. Annualized amounts are the weekly income amounts multiplied by 52.

Mother appealed, but the Court of Appeals affirmed. MacLafferty v. MacLafferty, 811 N.E.2d 450, 454 (Ind. Ct. App. 2004). Mother then sought, and we granted, transfer. 822 N.E.2d 977.

**Discussion**

Our review of the support modification order at issue here is controlled by Indiana Code Section 31-16-8-1. In relevant part, the statute provides:

> Provisions of an order with respect to child support . . . may be modified or revoked. . . . [M]odification may be made only:
>
> > (1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or
>
> > (2) upon a showing that:
>
> > > (A) a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and
>
> > > (B) the order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was set.

Ind. Code § 31-16-8-1 (2004). While the statute presents alternative methods of seeking modification—compliance with Subsection (1) or, in the alternative, compliance with Subsection (2)—only Subsection (1) is available to Father here. This is because the amount that Father would be ordered to pay applying the Indiana Child Support Guidelines, Ind. Child-Support Guideline 3 (West 2003), differed by less than 20% (in fact, as noted above, only 14%).[2]

---

[2] Subsection (2)(B) requires that the order requested to be modified (in this case, the April 17, 2002, order) to have been issued "at least twelve (12) months before the petition requesting modification was set." As noted, Father's petition here was filed October 29, 2002, and was set for trial on April 14, 2003; the trial court's order was issued July 10, 2003. Because of the failure to meet the 20% requirement of Subsection (1)(A), we do not address whether the 12-month requirement of Subsection (1)(B) was met. See Harris v. Harris, 800 N.E.2d 930, 937 (Ind. Ct. App. 2003) (discussing effect of "premature filing" of a petition to modify child support), transfer denied.

3

Father had the burden here of establishing changed circumstances so substantial and continuous as to make the terms of the April 17, 2002, order unreasonable. Scoleri v. Scoleri, 766 N.E.2d 1211, 1215 (Ind. Ct. App. 2002). The trial court found that burden satisfied and ordered a reduction in Father's support obligation as well as granting the other relief requested. Father now characterizes Mother's appeal as a "thinly veiled attempt to convince this court to reweigh the evidence and to substitute its judgment for that of the trial court." Appellee's Resp. to Pet. Trans. at 1.

It is certainly true that appellate courts give considerable deference to the findings of the trial court in family law matters, including findings of "changed circumstances" within the meaning of Indiana Code section 31-16-8-1. Whether the standard of review is phrased as "abuse of discretion" or "clear error,"[3] this deference is a reflection, first and foremost, that the trial judge is in the best position to judge the facts, to get a feel for the family dynamics, to get a sense of the parents and their relationship with their children—the kind of qualities that appellate courts would be in a difficult position to assess. Hon. Denise R. Johnson, Address at the 2004 Appellate Judges Summit (Nov. 13, 2004). Secondly, appeals that change the results below are especially disruptive in the family law setting. Id. And third, the particularly high degree of discretion afforded trial courts in the family law setting is likely also attributable in part to the "fluid" standards for deciding issues in family law cases that prevailed for many years. Id. (citing Maurice Rosenberg, Appellate Review of Trial Court Discretion, 179 F.R.D. 173, 175 (1978)).

The third of these reasons has largely fallen by the wayside as the Legislature and this Court have promulgated a series of statutes, rules, and guidelines—standards that bring consistency and predictability to the many family law decisions. See Johnson, supra. But, the importance of first-person observation and avoiding disruption remain compelling reasons for deference.

We recognize of course that trial courts must exercise judgment, particularly as to credibility of witnesses, and we defer to that judgment because the trial court views the evidence

---

[3] There are cases from both this Court and the Court of Appeals that phrase the standard of review each way. See, e.g., Glass v. Oeder, 716 N.E.2d 413, 416 (Ind. 1999) (clear error); Meehan v. Meehan, 425 N.E.2d 157 (Ind. 1981) (abuse of discretion); MacLafferty, 811 N.E.2d at 452 (clear error); Burke v. Burke, 809 N.E. 2d 896 (Ind. Ct. App. 2004) (abuse of discretion).

firsthand and we review a cold documentary record. Thus, to the extent credibility or inferences are to be drawn, we give the trial court's conclusions substantial weight. But to the extent a ruling is based on an error of law or is not supported by the evidence, it is reversible, and the trial court has no discretion to reach the wrong result.

This distinction applies with particular force in a case like this. We rely on the trial court's determination of the respective incomes of the parties, for example, but the determination of whether or not the change in circumstances asserted is "so substantial and continuing" as to render the prior child support order's terms "unreasonable" is, at minimum, a mixed question of law and fact. To the extent it is a question of law, it is the duty of the appellate court to give it de novo review—and doing so promotes the values of consistency, predictability, and enunciation of standards that curb arbitrariness. See Johnson, supra.

We begin this review with some reflections on the legislative history of Indiana Code section 31-16-8-1. From its original enactment in 1973 until 1997,[4] the statute consisted only of the substance of current subsection (1), i.e., it permitted modifications only where the requisite "changed circumstances" showing was made. It had long been held that this provision demonstrated the Legislature's determination to limit the "vexatious litigation which accompanies the dissolution of a marriage." Lankenau v. Lankenau, 365 N.E.2d 1241, 1244 (Ind. Ct. App. 1977). Effective July 1, 1997, the Legislature added Subsection (2), thereby providing an entitlement to modification where the two specific, bright-line requirements—the 20% change and 12-month time period—have been met. 1997 Ind. Acts 1 § 8.

Our interpretation of the Legislature's action in 1997 is that it wanted to provide a bright-line for parents and for courts as to when a parent would be entitled to modification in his or her child support obligation solely on grounds of change in income. The Legislature seems to be saying that if more than a year had passed since the last modification, and one parent's income has changed so much that his or her obligation under the Child Support Guidelines would change

---

[4] The statute was originally codified as Indiana Code section 31-1-11.5-17 (a), enacted by 1973 Ind. Acts 297 § 1, and provided that modification could be "made only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." It was recodified as Indiana Code section 31-16-8-1 in 1997 with the provisions contained in Subsection (2).

by 20%, a parent is entitled to modification.[5] The Legislature left in place the opportunity for a parent to request modification at any time and for any reason so long as—but only if—the parent could show changed circumstances "so substantial and continuing as to make the terms [of the prior order] unreasonable." Ind. Code § 31-16-8-1(1) (2004).

In addition to providing a bright-line test for a parent who seeks modification solely on grounds of change in income, it seems to us that, as a practical matter, the Legislature has effectively established a bifurcated standard for modification, Subsection (2) covering situations where a parent seeks modification solely on grounds of change in income and Subsection (1) covering all other situations (including situations alleging a change in income and one or more other changes). It is true that, as a matter of pure logic, a parent could seek modification solely on grounds of change in income under Subsection (1)—indeed, Father does so here. But we do not believe that the Legislature would consider a change in circumstances standing alone (i.e., without any other change in circumstances) that would change one parent's child-support payment by less than 20% to be "so substantial and continuing as to make the terms [of the prior order] unreasonable." Indeed, it is hard to see the reason the Legislature would have enacted subsection (2) at all if a parent could receive a modification under Subsection (1) where the only changed circumstance alleged would change one parent's payment by less than 20%.

Nevertheless, we do not hold that a modification may never be made be made under subsection (1) where the changed circumstance alleged is a change in one parent's income that only changes one parent's payment by less than 20%. There may be situations where a variety of factors converge to make such a modification permissible under the terms of the statute. While we do not find this case to be such a situation, we do not foreclose such a possibility.

The trial court here concluded "that Mother's change to full-time employment and the increase in her income attributable thereto constitutes a substantial and continuing change of circumstances sufficient to find that the previous Court Order regarding Support and Visitation is now unreasonable." Trial Ct. Order at 11. Appellate review is facilitated when trial courts state

---

[5] The result might well be affected by prior agreements of the parties. See Hay v. Hay, 730 N.E.2d 787 (Ind. Ct. App. 2000).

the reasons for their decisions but the trial court here did not give any explanation as to why it considered this change to have been "so substantial" (or, for that matter, "continuing") that the terms of its previous order had been rendered unreasonable. We do not find it to have been so. Mother's income did increase as a result of her becoming employed on a full-time basis, but the increase only amounted to $375 per week[6] during a period of time when Father's weekly income increased $120 (not including any bonuses that he earned of which 6% were to be paid in child support). Even after the change here, Mother's income was quite modest compared to Father's: Father's income (excluding bonuses) was approximately 3-1/4 times that of Mother. We hold that the change alleged here was not so substantial as to render the terms of the prior order unreasonable.

Father identifies two cases that he says stand for the proposition "that changes in the relative financial resources of both parents alone may be sufficient to modify a child support order." Harris v. Harris, 800 N.E.2d 930, 938 (Ind. Ct. App. 2003), transfer denied, 812 N.E.2d 798 (2004). That proposition is true, of course, only when the changes are so substantial and continuing as to render the terms of the prior support order unreasonable. The two cases Father cites each involve changes far more substantial than the one before us. In the first, the changed circumstances included the facts that Father had lost a very lucrative job; successfully sued his former employer; and relocated to Colorado where he secured another very lucrative position. In addition, Mother, who apparently did not have regular employment at the time the prior support order was entered, had secured a regular position, working out of her home, for an annual salary of $90,000 (plus a $500 monthly car allowance). Id. In the second case, the changed circumstances included the facts that Mother had become employed on a full-time basis "significantly" increasing her income while Father's income had significantly declined. In addition, of the couple's three children in Mother's custody at the time the prior support order was entered, one had become emancipated and another lived with Father. Kirchoff v. Kirchoff, 619 N.E.2d 592, 596 (Ind. Ct. App. 1993). We find no support for Father's claim in either of these cases.

---

[6] Mother vigorously contends that the increase was only $357 per week, not $375. We defer to the trial court on this finding.

## Conclusion

Having previously granted transfer, thereby vacating the opinion of the Court of Appeals, we now reverse the trial court; vacate the provisions of its order dated July 10, 2003, reducing Father's child support payment; and order that Father's child support payment be restored to $364 per week (the amount established by the trial court in its April 17, 2002, order), effective July 10, 2003. We further direct the trial court to set this matter for hearing within 90 days of the certification of this opinion by the clerk to consider (1) an appropriate schedule for Father to pay the amount that has accrued as a result of this decision, see Indiana Child Support Guideline 1 Commentary 246 (West 2005), and (2) any additional changes to its order dated July 10, 2003, made necessary or advisable by this decision or other factors.

Shepard, C.J., and Boehm, and Rucker, JJ., concur. Dickson, J., dissents.