**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 29 2014, 10:17 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ELDEN E. STOOPS, JR.**
Law Offices of Elden E. Stoops, Jr.
North Manchester, Indiana

ATTORNEYS FOR APPELLEE
THE STATE OF INDIANA:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KYLE HUNTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

IN RE THE PATERNITY OF T.T.:   )
   )
D.T.,   )
   )
     Appellant-Petitioner,   )
   )
       vs.   )   No. 85A02-1311-JP-1006
   )
S.B.,   )
   )
     Appellee-Respondent.   )

APPEAL FROM THE WABASH CIRCUIT COURT
The Honorable Robert R. McCallen, III, Judge
Cause No. 85C01-9411-JP-53

**May 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

D.T. ("Father") appeals the trial court's denial of his petition to modify court-ordered

child support for T.T. ("Child"), the daughter he shared with S.B. ("Mother").[1]

We affirm.

**Issue**

Father raises two issues for our review, which we consolidate and restate as a single

issue: whether the trial court abused its discretion when it denied Father's petition to modify

child support.

**Facts and Procedural History**

Father and Mother are the parents of Child, who was born out of wedlock on August

23, 1994. Father's paternity was subsequently established, and Father was ordered to pay

child support.

On September 11, 2012, the trial court entered an agreed order for modification of

child support. The order required Father to pay child support totaling $137.00 per week,

based upon Father's weekly adjusted income of $869.76. (App'x at 14-17.)

Around the time the trial court entered its order, Child was diagnosed with a form of

cancer. Child required treatment for her cancer at M.D. Anderson Hospital in Houston,

Texas. Mother and Child relocated together to Houston. Father and his wife also relocated

to Houston so that Father could provide assistance transporting Child to and from treatments.

---

[1] Though Father and Mother are the named parties, the Wabash County Title IV-D Prosecutor was responsible for enforcement of the child support orders in this action. As a result, the State submitted an Appellee's Brief on Mother's behalf, though it is not a named party to this appeal.

Father left his job in Indiana and obtained temporary employment in Texas for the several-month period during which Child was actively treated for cancer.

After Child's cancer treatment concluded, Mother and Child returned to Indiana. Father and his wife also returned to Indiana, and Father obtained new employment. Mother and Child began to plan Child's return to school, Mother returned to work, and Child attempted to work at various jobs.

With Child's nineteenth birthday approaching,[2] on July 11, 2013 Mother filed a petition to continue Father's child support obligation in light of Child's treatment for cancer and the continued requirements for monitoring the effectiveness of the cancer treatment.

On August 12, 2013, a hearing was conducted on Mother's petition. During the hearing, Father and Mother provided testimony concerning their respective incomes. Also during the hearing, the trial court observed that Father might pursue a modification of the court-ordered child support, but that such a request was not properly before the court at that time. The court suggested, "I think you all can agree on what his income is and what her income is and recalculate support." (Tr. at 15.) After the end of the hearing, the trial court ordered that Father continue to pay support in accordance with the September 11, 2012 order.

On August 23, 2013, Father filed his petition to modify child support. A hearing was conducted on the petition on October 28, 2013. Father did not submit a Child Support Worksheet or other documentation of his income, and no testimony was introduced at the hearing concerning his or Mother's respective incomes. Instead, testimony centered on

_____

[2] Except in cases of incapacity, in Indiana child support obligations generally terminate when a child reaches nineteen years of age. Ind. Code § 31-16-6-6(a)(2).

3

Child's school enrollment and employment, both of which were different from the plans that had been discussed at the prior hearing on August 12, 2013. At the conclusion of the October 28, 2013 hearing on Father's petition to modify support, the trial court ruled from the bench and denied Father's petition.

This appeal ensued.

## Discussion and Decision

Father appeals the trial court's denial of his petition to modify the child support order.

Our statutes set forth the circumstances under which a child support order may be modified:

(a) Provisions of an order with respect to child support or an order for maintenance (ordered under IC 31-16-7-1 or IC 31-1-11.5-9(c) before their repeal) may be modified or revoked.

(b) Except as provided in section 2 of this chapter, modification may be made only:

(1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or

(2) upon a showing that:

(A) a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and

(B) the order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was filed.

(c) Modification under this section is subject to IC 31-25-4-17(a)(6).

Ind. Code § 31-16-8-1.

4

The Indiana Supreme Court adopted the Indiana Child Support Rules and Guidelines to provide a framework for trial courts to apply the child support statutes enacted by our Legislature. See Ind. Child Support Rule 1. In order to ensure courts have adequate evidence of both parents' incomes for purposes of determining appropriate child support payments by a non-custodial parent, Child Support Guideline 3(B) requires that "[i]n all cases, a copy of the worksheet which accompanies these Guidelines shall be completed and filed with the court when the court is asked to order support. Ind. Child Support Guideline 3(B)(1). Further, the Guidelines require that "[i]ncome statements of the parents shall be verified with documentation of both current and past income." Child Supp. G. 3(B)(2).

We reverse a trial court's decision on a request to modify child support only when the court has abused its discretion. In re Paternity of E.C., 896 N.E.2d 923, 924 (Ind. Ct. App. 2008). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court. Id. at 924-25. We consider the evidence most favorable to the judgment and the reasonable inferences that may be drawn from it. Id. at 925. Because Father moved for the modification of the support obligation, he had the burden of proof to establish grounds for modifying the amount of support. Id.

Father first contends that the change in his income from the September 2012 support order was a sufficient basis for the trial court to order a change in his support obligation. Father notes that the change in income was due to his temporary relocation to Texas to help with Child's needs during her cancer treatments, which resulted in changing jobs and an ensuing reduction of income. In light of these facts, Father directs us to Subsection 31-16-8-

1(b)(2) and argues that the trial court erred when it denied his petition to modify the support obligation.

Our review of the record reveals that Father's petition to modify support was filed on August 23, 2013—less than a year after the trial court entered the most recent support order of September 11, 2012. As Father notes, the purpose of the statute was to create a "bright line" for parents and courts to determine when support must be altered based upon a parent's income. MacLafferty v. MacLafferty, 829 N.E.2d 938, 941 (Ind. 2005). Father's income meets part of that bright-line test. But the passage of time between the September 2012 order and Father's petition does not. We accordingly find no abuse of discretion in the trial court's denial of Father's petition to modify support solely on the basis of a change in his income.

Father also contends that the trial court abused its discretion when it did not reduce his support obligation due to changed circumstances. Specifically, Father points to his income and changes in Child's school enrollment and employment status as substantial and continual changes in circumstances that rendered as unreasonable the continuation of the September 2012 support order.

Turning first to the question of Father's income, we observe that evidence of Father's income was not before the court during the evidentiary hearing during which the trial court addressed Father's August 23, 2013 petition to modify support. Father argues that such evidence was properly before the court because, during the hearing on August 12, 2013, both he and Mother testified concerning their respective incomes. Our review of the record does show that such testimony occurred. However, our review of the record does not reveal the

submission of a Child Support Worksheet or other documentation in support of Father's petition. Father also did not request that the trial court take judicial notice of his and Mother's testimony from the August 12, 2013 hearing during the October 28, 2013 hearing on his petition to modify support.[3] Accordingly, we conclude that Father did not produce evidence sufficient to bear the burden of proof for demonstrating a change in circumstances under Subsection 31-16-8-1(b)(1).

Further, we cannot conclude that Child's change in school enrollment and employment constitutes a change in circumstances sufficient to modify support under Subsection 31-16-8-1(b)(1). Here, Father's argument walks a narrow line. He concedes that it is appropriate that he continue to provide child support because of Child's prior illness and its continued effects, but argues that some reduction in support payments is required because Child is capable of working.

The testimony at the October 28, 2013 hearing that favors the trial court's decision indicates that although Mother and Child had initially planned for Child to return to high school full-time to obtain a diploma, Child eventually enrolled in an evening GED program. Child attempted to hold at least two jobs in this time. One of these, at a fast-food restaurant, was extremely fatiguing and caused Child other physical problems. The other of these, cleaning rooms at a hotel, was sustainable because it afforded Child opportunities to rest between cleaning rooms, but could not be reconciled with her school schedule. Without a job

---

[3] Evidence Rule 201 permits trial courts discretion to take judicial notice of prior proceedings either sua sponte or upon motion of a party. See Ind. Evidence Rule 201(b), (c) & (d). Here, the trial court did not take notice sua sponte, and does not directly argue that the trial court erred in failing to do so.

7

that afforded opportunities for rest, Child was unable to work a full day. And because Child and Mother continued to travel to M.D. Anderson Hospital in Houston every few months to check on the progress of Child's cancer treatments, Mother opined that it would be difficult for Child to retain steady employment.

In light of this evidence, we cannot conclude that the trial court abused its discretion when it denied Father's petition to modify child support based on changed circumstances. We accordingly affirm the trial court's denial of Father's petition to modify support.

Affirmed.

KIRSCH, J., and MAY, J., concur.