## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 21 2015, 10:35 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| John M. Mayer, Jr. | William H. Davis |
| Clarksville, Indiana | Corydon, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael R. Stark, <br><br> *Appellant-Petitioner,* <br><br> v. <br><br> Cathy S. Stark, <br><br> *Appellee-Respondent.* | May 21, 2015 <br><br> Court of Appeals Case No. 31A01-1410-DR-452 <br><br> Appeal from the Harrison Circuit Court; The Honorable Larry R. Blanton, Special Judge; 31C01-1201-DR-13 |

**May, Judge.**

[1] Michael L. Stark (Husband) appeals the denial of his "Petition to Modify Decree of Dissolution of Marriage." (App. at 22.) We affirm and remand.

## Facts and Procedural History

[2] Husband, *pro se*, filed for dissolution of his marriage to Cathy Stark (Wife) on January 17, 2012. On March 5, counsel filed an appearance on behalf of Wife. On April 11, the parties filed a marital settlement agreement, which the trial court approved, and the marriage was dissolved. The marital settlement agreement provided in part:

> REAL ESTATE: The marital real estate located at 4687 Highway 337 SE, Corydon, Indiana, shall be the sole and separate property of [Wife]. [Husband] shall assume, pay, and hold [Wife] harmless from the mortgages with Community First.
>
> CHILDREN: The parties have two (2) children born as a result of this marriage who are currently in college and [S.S.] is twenty-one (21) years old.
>
> [Husband] shall pay all tuition, room and board and books for [T.S.] until he is out of school.
>
> MEDICAL: [Husband] shall continue to maintain medical insurance on the minor children until they have attained the age of twenty-six (26) years and shall also maintain medical insurance on [Wife].
>
> * * * * *
>
> RETIREMENT: [Husband] shall receive all of his retirement benefits with his employer.
>
> PERSONAL PROPERTY: [Husband] shall have as his sole and separate property the 2005 Taurus and [Wife] shall have the 2002 Chevrolet truck.
>
> [Husband] shall assume, pay and hold [Wife] harmless from the vehicle loans with Fort Knox Credit Union.

Each party shall have those other items of personal property now in his or her possession except that [Husband] shall have his clothes and personal belongings.

OTHER DEBTS: [Husband] shall assume, pay and hold [Wife] harmless from phone bills so long as the same plan remains in effect.

[Husband] shall pay the car and homeowner's insurance with State Farm.

Each party shall pay any other debt in that person's individual name.

PAYMENT: [Husband] shall make payment of all of the above expenses by taking the necessary steps and see that the necessary funds are automatically deposited each month in [Wife's] bank account at First Savings Bank, FSB.

(App. at 19-20.)

[3] On June 5, 2014, Husband filed a petition to modify decree of dissolution of marriage, alleging modification was warranted because Husband was in the midst of bankruptcy proceedings and some of the terms of the settlement agreement were ambiguous or unconscionable. On June 11, Wife filed a motion for contempt against Husband, alleging that, as of May 24, 2014, he was $1,108.00 behind in payments agreed to in the settlement agreement. The trial court held a hearing on these matters on August 15, and on September 25 denied Husband's request for modification.

# Discussion and Decision

[4] The trial court *sua sponte* made findings of fact and conclusions of law. In this situation,

> the specific findings control our review and the judgment only as to the issues those specific findings cover. Where there are no specific

findings, a general judgment standard applies and we may affirm on any legal theory supported by the evidence adduced at trial.

> We apply the following two-tier standard of review to *sua sponte* findings and conclusions: whether the evidence supports the findings, and whether the findings support the judgment. Findings and conclusions will be set aside only if they are clearly erroneous, that is, when the record contains no facts or inferences supporting them. A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. We consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will neither reweigh the evidence nor assess witness credibility.

*Trust No. 6011, Lake County Trust Co. v. Heil's Haven Condominiums Homeowners Ass'n*, 967 N.E.2d 6, 14 (Ind. Ct. App. 2012).

[5]  Appellate courts give considerable deference to the findings of the trial court in family law matters. *MacLafferty v. MacLafferty*, 829 N.E.2d 938, 940-41 (Ind. 2005). We recognize the trial court "is in the best position to judge the facts, to get a feel for the family dynamics, to get a sense of the parents and their relationship with their children -- the kind of qualities that appellate courts would be in a difficult position to assess." *Id*. Appellate decisions that modify the trial court's judgment are especially disruptive in the family law setting. *Id*.

[6]  Property settlements crafted and agreed to by the parties upon dissolution of marriage are contractual in nature and binding. *Kiltz v. Kiltz*, 708 N.E.2d 600, 602 (Ind. Ct. App. 1999), *trans. denied*. "Parties are free to divide their property in any way they choose and their agreement in that regard is interpreted as any other contract." *Id*. General rules of contract construction and interpretation govern marriage property settlement agreements. *Id*.

## *Modification of Settlement Agreement*

[7] Indiana Code § 31-15-2-17(c) provides: "The disposition of property settled by an agreement described in subsection (a) and incorporated and merged into the decree is not subject to subsequent modification by the court, except as the agreement prescribes or the parties subsequently consent." Indiana Code § 31-15-7-9.1(a) provides: "The orders concerning property disposition entered under this chapter . . . may not be revoked or modified, except in case of fraud." Therefore, unless the agreement prescribes, the parties consent, or fraud occurred, a trial court lacks authority to modify a property settlement agreement or a property division order based on such an agreement. *Ryan v. Ryan*, 972 N.E.2d 359, 363 (Ind. 2012).

[8] Husband argues the trial court erred when it did not modify the settlement agreement based on his pending bankruptcy. However, his argument fails, as he has not demonstrated the agreement provided for the modification, the parties consented to it, or there was fraud.[1]

---

[1] Husband argues the settlement should be modified because it was the result of fraud by Wife's attorney. Husband claims he believed that attorney was his attorney as well, and Husband therefore did not question the terms of the settlement agreement at the time he signed it. Wife presented evidence her attorney advised Husband on multiple occasions that Husband could seek independent counsel regarding the matter, and Husband did not. Husband's argument is an invitation for our court to reweigh the evidence, which we cannot do. *See Trust No. 6011, Lake County Trust Co.*, 967 N.E.2d at 14 (appellate court will not reweigh evidence or judge the credibility of witnesses).

## Allegations of Unconscionability in Settlement Terms

[9]     As noted above, a property settlement agreement as part of a dissolution action is contractual in nature, *Kiltz*, 708 N.E.2d at 602, and cannot be modified except in certain circumstances. Ind. Code § 31-15-2-17(c). However, a court has authority to resolve a dispute over the interpretation of a settlement agreement or property division order. *Kiltz,* 708 N.E.2d at 602. When a party asks a court to clarify a settlement agreement, the court's task is one of contract interpretation. This is because settlement agreements are contractual in nature and binding if approved by the trial court." *Ryan,* 972 N.E.2d at 363. When interpreting a settlement agreement, we apply the general rules of contract construction; that is, unless the terms of the contract are ambiguous, they will be given their plain and ordinary meaning. *Shorter v. Shorter*, 851 N.E.2d 378, 383 (Ind. Ct. App. 2006).

[10]    "[T]he dissolution court that enters a property settlement agreement is in the best position to resolve questions of interpretation and enforcement of that agreement and thus retain[s] jurisdiction to interpret the terms of their property settlement agreements and to enforce them." *Id*. This task "remains an exercise in the construction of the terms of a written contract," which is a pure question of law, and thus our standard of review is *de novo*. *Id*.

[11]    Husband argues multiple terms of the property settlement agreement are ambiguous and unconscionable, including the requirement that he pay Wife's car insurance, health insurance, vehicle loans, mortgages, and homeowner's insurance. However, Husband presumably paid these expenses until at least

May 24, 2014, the date Wife indicated he stopped paying the expenses in her contempt citation alleging Husband was $1,108.00 in arrears in payments. In addition, Husband retained the benefits he received as part of the settlement, such as his pension. Therefore, Husband is estopped from asserting two years after he entered the agreement, made payments consistent with that agreement, and received benefits from the agreement, that the terms of the agreement were ambiguous or unconscionable. *See Davis v. Davis,* 99 N.E.2d 77, 78, 229 Ind. 414, 418 (Ind. 1951) (party who has accepted the benefits of a divorce settlement agreement may not later attack the settlement's terms as invalid).

### *Modification of Terms Regarding Payment of Phone Bills*

[12] In its order, the trial court modified the terms of the settlement agreement regarding Husband's payment of phone bills for S.S. and T.S.: "The telephone service for [S.S.] and [T.S.] shall cease on their 26th birthday." (App. at 12.) In his brief, Husband requests we "vacate the trial court's decision to increase Husband's obligation to include the payment of the adult children's phone bills until they reach the age of 26." (Br. of Appellant at 17.) As the parties agree the trial court erred when it modified that portion of the settlement agreement, we direct the trial court to vacate the portion of the order requiring Husband to pay T.S. and S.S.'s phone bills until they turn twenty-six years old.

## Conclusion

[13] Husband was not entitled to a modification of the marital settlement agreement under Ind. Code § 31-15-2-17(c) and he is estopped from challenging the terms

of that agreement. However, both parties agree the trial court's modification of the marital settlement agreement regarding Husband's payment of their sons' phone bills should be vacated. We accordingly affirm and remand with instructions to vacate the order Husband pay the sons' phone bills until they are twenty-six years old.

[14] Affirmed and remanded.

Robb, J., and Mathias, J., concur.