## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 23 2016, 9:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Danielle L. Gregory
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Daniel S. Vandivier
Vandivier Norris & Solomon
Franklin, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Boubacar Mbengue,

*Appellant-Respondent,*

v.

Karen M. Novak,

*Appellee-Petitioner.*

May 23, 2016

Court of Appeals Cause No.
49A02-1508-DR-1124

Appeal from the Marion Superior Court

The Honorable David J. Dreyer, Judge
The Honorable Patrick Murphy, Magistrate

Trial Court Cause No.
49D10-1004-DR-16521

**Barnes, Judge.**

# Case Summary

Boubacar Mbengue ("Father") appeals the trial court's grant of a petition for modification of child support filed by Karen Novak ("Mother"). We affirm.

# Issues

Father raises three issues, which we restate as:

    I.      whether the trial court properly modified the child support order;

    II.     whether the trial court properly denied Father's parenting time and tax exemption/dependent arguments; and

    III.   whether the trial court properly ordered Father to pay Mother's attorney fees.

# Facts

Father and Mother married in August 2000. They have three children, C.M., E.M., and J.M. In April 2010, Mother filed a petition for dissolution of marriage, and the petition was granted in August 2011. At that time, the trial court ordered the parties to have joint legal custody of the children with Mother having primary physical custody. Father was ordered to pay $125 per week in child support plus an additional $20 per week toward a $5,000 arrearage. The dissolution decree also provided that Mother was entitled to claim C.M. and E.M. and Father was entitled to claim J.M. as tax exemptions and dependents in even-numbered years and that Mother was entitled to claim J.M. and Father

was entitled to claim C.M. and E.M. as tax exemptions and dependents in odd-numbered years.

[4] In the summer of 2013, Father moved to Florida without filing a notice of intent to relocate. In September 2013, Mother filed a motion to suspend Father's parenting time. After a hearing, in October 2013, the trial court granted Mother's motion to suspend parenting time until Father complied with the notice of intent to relocate requirements. The trial court ordered Father not to remove the children from Indiana without express written permission of the trial court. If Father desired to exercise parenting time, the trial court ordered him to "return to Indiana and remain within a 25 mile radius of mother's residence." App. p. 31.

[5] In January 2015, Mother filed a petition for modification of child support. Mother alleged that Father did not exercise parenting time but was still receiving credit for overnights. Mother also requested that Father be ordered to pay her reasonable attorney fees.

[6] In March 2015, Father filed a pro se letter with the trial court. Father alleged that Mother had improperly filed her 2014 taxes claiming all three children, that he had been paying $480 per month for "health care" for the three children, that he was current on his child support payments, and that Mother was denying him visitation with the children. *Id.* at 44.

The trial court held a hearing on Mother's petition in April 2015. After the hearing, Father filed another letter regarding the 2014 taxes. In July 2015, the trial court issued an order granting Mother's petition. The trial court found:

> [B]ased upon Father's admitted income, the fact that he has not exercised any parenting time, and the fact that mother provides all health insurance for the minor children, that the appropriate amount of support is reflected in mother's child support worksheet entered as an exhibit in the amount of Two Hundred Sixteen Dollars ($216) per week. The court awards this amount retroactive to the filing date of February 9, 2015 and establishes an arrearage in the amount of One Thousand and One Dollar ($1001). Said arrearage shall be paid at a rate of not less than Thirty-four dollars ($34) per week. . . .

App. p. 68. The trial court also found that "no relief sought by father is proper as any issues regarding a modification of prior orders on parenting time were not before the court" and "father did not show evidence supporting any of the changes sought." *Id.* Finally, the trial court ordered Father to pay $750 for Mother's attorney fees due to the parties' disparity in income.

Father then filed two more letters with the trial court to prove that he had provided health insurance for the children and to argue that Mother had made false statements regarding the health insurance coverage. The trial court considered the letters as a motion to reconsider, which it denied. Father now appeals.

# Analysis

## *I. Modification of Child Support*

[9] Father first argues that the trial court abused its discretion by granting Mother's petition to modify child support. On review, "[a] trial court's calculation of child support is presumptively valid." *Bogner v. Bogner*, 29 N.E.3d 733, 738 (Ind. 2015). Upon the review of a modification order, "only evidence and reasonable inferences favorable to the judgment are considered." *Id.* The order will only be set aside if clearly erroneous. *Id.* "We recognize of course that trial courts must exercise judgment, particularly as to credibility of witnesses, and we defer to that judgment because the trial court views the evidence firsthand and we review a cold documentary record." *MacLafferty v. MacLafferty*, 829 N.E.2d 938, 941 (Ind. 2005). "Thus, to the extent credibility or inferences are to be drawn, we give the trial court's conclusions substantial weight." *Id.*

[10] Under Indiana Code Section 31-16-8-1, modification of child support may be made only:

> (1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or
>
> (2) upon a showing that:
>
> > (A) a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and

> (B)     the order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was filed.

Mother appears to have relied on subsection (1) here and, thus, had the burden of showing changed circumstances so substantial and continuous as to make the terms of the earlier child support order unreasonable. *See MacLafferty*, 829 N.E.2d at 940.

[11]     The trial court modified Father's child support obligation because it found that Father had not exercised parenting time since moving to Florida and that Mother had provided health insurance for the children. Father argues that he did, in fact, provide health insurance and that he did not exercise parenting time because Mother improperly refused to allow it. Mother, however, testified that Father refused to provide her with an insurance card and that she could not use the insurance without the card. Father's argument is merely a request to reweigh the evidence and judge the credibility of the witnesses, which we cannot do. *See Sandlin v. Sandlin*, 972 N.E.2d 371, 375 (Ind. Ct. App. 2012) (noting that we do not reweigh the evidence or judge the credibility of the witnesses). Further, as to parenting time, the trial court's October 2013 order suspended Father's parenting time and provided that, until Father filed a the notice of intent to relocate, Father could visit with the children only in Indiana.

There is no indication that Father ever complied with the notice of intent to relocate requirements.[1]  *See* Ind. Code Chapter 31-17-2.2.

[12]  Given the parenting time and health insurance issues, we agree with the trial court that Mother presented evidence of changes in circumstances so substantial and continuous as to make the terms of the earlier child support order unreasonable.  Father has failed to demonstrate that the trial court's order is clearly erroneous.

## II. Father's Issues

[13]  Father argues that the trial court should have addressed his parenting time and tax exemption/dependent issues but that the trial court failed to do so.  The trial court found: "[N]o relief sought by father is proper as any issues regarding a modification of prior orders on parenting time were not before the court.  The court further [found] that father did not show evidence supporting any of the changes sought."  App. p. 68.  Thus, the trial court found that modification of parenting time was not an issue before the court and that Father did not meet his burden on the remaining issue.

[14]  As for parenting time, Father argues that he raised parenting time issues in his letters to the trial court and discussed parenting time issues at the hearing.

---

[1] Father argues that he was not provided with notice of the October 2013 order in a timely manner.  Based on the testimony at the hearing, it is clear that at some point he learned of the order.  However, Father has not challenged the October 2013 order, moved to set it aside the order under Indiana Trial Rule 60(B), or sought to comply with the order.  Addressing Father's notice argument would be premature at this time.

However, the trial court had previously suspended Father's parenting time and ordered Father to file a notice of intent to relocate. Father failed to do so.[2] Due to Father's failure to follow the procedures required by the trial court, the trial court's denial of Father's request for relief was not clearly erroneous.

[15] As for the tax issue, we note that Father argued that Mother had claimed all three children on her 2014 tax filings. Mother, however, presented evidence that she claimed only two of the children. Father is again requesting that we reweigh the evidence and judge the credibility of the witnesses, which we cannot do. *See Sandlin*, 972 N.E.2d at 375. The trial court's determination is not clearly erroneous.[3]

### III. Attorney Fees

[16] Next, Father argues that the trial court erred by ordering him to pay $750 of Mother's attorney fees. Mother requested the fees as part of her petition to modify child support. Pursuant to Indiana Code Section 31-16-11-1, a trial court may periodically order a party to a child support proceeding to pay a reasonable amount for attorney fees. *See also* Ind. Code § 31-15-10-1. The award of attorney fees is discretionary. *Whited v. Whited*, 859 N.E.2d 657, 665

---

[2] Father argues that, although he did not provide a formal notice of his intent to relocate, he provided sufficient notice by providing his address to Mother and the trial court. We disagree that providing an address in his letters was sufficient to meet the requirements of Indiana Code Chapter 31-17-2.2 or the trial court's order.

[3] For this reason, we do not address Father's contention that the trial court "ignored" his request to find Mother in contempt regarding the tax issue. Appellant's Br. p. 31.

(Ind. 2007). In determining whether to award attorney fees, the trial court must consider the parties' resources, their economic condition, their ability to engage in gainful employment, and other factors that bear on the award's reasonableness. *Id.*

[17] The trial court found that an award of attorney fees was proper based on the disparity in the parties' incomes. The parties' testimony established that both Mother and Father are employed but that Mother earns half as much as Father. Mother was forced to rely on her family's assistance to hire an attorney. Given these circumstances, we cannot say that the trial court abused its discretion.

## Conclusion

[18] The trial court's grant of Mother's motion to modify child support is not clearly erroneous, and the trial court's denial of Father's motions is not clearly erroneous. Further, the trial court did not abuse its discretion by ordering Father to pay Mother's attorney fees. We affirm.

[19] Affirmed.

Vaidik, C.J., and Mathias, J., concur.