## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 06 2019, 9:00 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kristina L. Lynn
Lynn and Stein, P.C.
Wabash, Indiana

ATTORNEY FOR APPELLEES

Justin R. Wall
Wall Legal Services
Huntington, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

In Re: The Adoption of D.J.B., B.W.B., and B.M.B., minor children,

D.W.B.,

*Appellant-Respondent,*

v.

D.T. and E.T.,

*Appellees-Petitioners*

December 6, 2019

Court of Appeals Case No. 19A-AD-1612

Appeal from the Huntington Circuit Court

The Honorable Davin Smith, Judge, and the Honorable Jeffrey R. Heffelfinger, Judge Pro Tem

Trial Court Cause Nos.
35C01-1811-AD-28
35C01-1811-AD-30
35C01-1811-AD-31

**Baker, Judge.**

[1] D.W.B. (Father) appeals the trial court's order granting the petition of E.T. (Mother) and D.T. (Stepfather) for Stepfather to adopt the children of Father and Mother. Specifically, Father argues that the trial court erroneously found that his consent to the adoption was not required. Finding no error, we affirm.

## Facts

[2] Mother and Father have three minor children: D.J.B., born in June 2006; B.W.B., born in October 2007; and B.M.B., born in July 2009.[1] After living and raising the children together for several years, Mother and Father separated sometime in 2012. Mother married Stepfather in March 2013. Sometime in 2013, in the paternity case, an order was entered requiring that Father's visits be supervised.

[3] From 2012 through 2016, Father did not see or communicate with the children at all. Mother and Stepfather offered rides to Father and offered to pay for Father and the children to go out to dinner together, but he failed to take them up on the offers. He also failed to call, write letters or cards to, or Skype with the children, nor did he send them birthday or Christmas presents. Also, he has always had the option of contacting Youth Services Bureau to schedule visits, but he has never done so.

---

[1] Father has established paternity for all three children.

[4] Between 2016 and February 2018, Father exercised overnight parenting time with the children for a total of ten to twelve nights. Aside from the overnights, Father only spent time with the children for a period of several hours once or twice. Father was never present for doctor visits, sporting events, school events, or other child-related activities, except for one school musical. Father has always known Mother's phone number, and Mother and Stepfather know of no reason why he was unable to spend time or communicate with the children.

[5] From November 2012 through 2016, Father was ordered to pay child support but failed to do so. The last voluntary child support payment Mother received from Father occurred in February 2018, which is also the month in which Father last saw the children.[2]

[6] From March through November 2018, Father had no contact whatsoever with the children. On November 2, 2018, Mother and Stepfather filed their petitions for Stepfather to adopt the children. They alleged that Father's consent to the adoption was not necessary. The trial court held an evidentiary hearing on the issue of Father's consent on December 14, 2018. That same day, the trial court found that Father's consent was not necessary:

---

[2] Although it was court ordered that Father have supervised parenting time, the children wanted to get to know Father, so Mother agreed to an overnight visit. One of the children reported to Mother that during that visit, he saw Father "go[] into the bathroom with [Father's] friend and com[e] out wiping blood off [his] arm . . . ." Tr. Vol. II p. 36. The child told Mother that "he's not dumb, he knows what's going on," *id.*, and from that point on, Mother strictly complied with the supervised parenting time order. But Father never contacted the agency to schedule visits, so none occurred.

2. The Court finds that for the period of March, 2018 through November 2, 2018, [Father] has had no contact with the children and has abandoned the children.

3. The Court further finds that for a period of approximately four (4) years, [Father], without justifiable cause, has failed to communicate with the children when he was able to do so.

4. Pursuant to Indiana Code § 31-19-9-8(a)(1) and Indiana Code § 31-19-9-8(a)(2), [Father's] consent to adoption of the children by [Stepfather] is not required.

Appellant's App. Vol. II p. 17. On June 13, 2019, the trial court granted the adoption petitions. Father now appeals.

# Discussion and Decision

[7] When reviewing adoption proceedings, there is a strong presumption that the trial court's decision is correct, and the appellant bears the burden of rebutting this presumption. *In re Adoption of O.R.*, 16 N.E.3d 965, 972 (Ind. 2014). We generally give considerable deference to the trial court's decision in family law matters because the trial court is in the best position to judge the facts, assess witness credibility, "get a feel for the family dynamics," and "get a sense of the parents and their relationship with their children . . . ." *MacLafferty v. MacLafferty*, 829 N.E.2d 938, 940 (Ind. 2005). We will affirm unless the evidence leads to but one conclusion and the trial court reached an opposite conclusion. *O.R.*, 16 N.E.3d at 973. In conducting our review, we will neither

reweigh the evidence nor assess witness credibility, and will examine only the evidence most favorable to the trial court's decision. *Id.*

[8] Generally, a trial court may only grant a petition to adopt a child born out of wedlock who is less than eighteen years of age if both the mother and the father consent. I.C. § 31-19-9-1(a)(2). But Indiana Code section 31-19-9-8(a) provides, in relevant part, that consent to an adoption is not required from the following:

> (1) A parent or parents if the child is adjudged to have been abandoned or deserted for at least six (6) months immediately preceding the date of the filing of the petition for adoption.

> (2) A parent of a child in the custody of another person if for a period of at least one (1) year the parent:

>> (A) fails without justifiable cause to communicate significantly with the child when able to do so; or

>> (B) knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree.

Furthermore, "[i]f a parent has made only token efforts to support or to communicate with the child the court may declare the child abandoned by the parent." *Id.* § -8(b).

[9] Mother testified that in the six months leading up to the filing of the adoption petitions on November 2, 2018, Father had no contact with the children. She

also testified that for an approximately four-year period between 2012 and 2016, Father had no contact with the children. Mother and Stepfather repeatedly contacted Father to ask him to visit with the children, to attend their school events, and to in some way establish a relationship with the children, but he failed to do so in any meaningful way. He also failed to pay court-ordered child support between 2012 and 2016. The only evidence in the record to the contrary is Father's self-serving testimony. His arguments on appeal amount to a request that we reweigh the evidence and second-guess the trial court's assessment of the credibility of the witnesses, which we may not do. The testimony of Mother and Stepfather supports the trial court's conclusion that, under the above statutory provisions, Father's consent to the adoption was not required.

[10]  In their brief, Mother and Stepfather request appellate attorney fees. Indiana Appellate Rule 66(E) allows this Court to award attorney fees if an appeal is frivolous or made in bad faith; in other words, fees are appropriate when the appeal "is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Thacker v. Wentzel*, 797 N.E.2d 342, 346 (Ind. Ct. App. 2003). We agree with Mother and Stepfather that this appeal approaches that line, but decline to find that the line was crossed. We choose to give Father the benefit of the doubt, as it is his relationship with his children that is at stake. Therefore, we decline to order him to pay appellate attorney fees.

The judgment of the trial court is affirmed.

Riley, J., and Brown, J., concur.