# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 24 2020, 9:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Earl E. McCoy
Adam C. Potts
McCoy Law Office
Lafayette, Indiana

ATTORNEY FOR APPELLEE

Lori S. James
Law Office of Lori S. James, P.C.
Rensselaer, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Adoption of M.H. (Minor Child): | June 24, 2020 |
| | Court of Appeals Case No. 19A-AD-1708 |
| K.S. and T.S., | Interlocutory Appeal from the Newton Circuit Court |
| *Appellants,* | |
| v. | The Honorable Rex W. Kepner, Special Judge |
| D.S., | Trial Court Cause No. 56C01-1806-AD-1466 |
| *Appellee.* | |

**Bailey, Judge.**

# Case Summary

K.S. ("Mother") and T.S., Mother's husband, bring this interlocutory appeal of the trial court order granting D.S.'s ("Father") motion to contest the adoption of K.S.'s and D.S.'s biological child, M.H. ("Child"), by T.S. The sole issue on appeal is whether the trial court clearly erred when it granted Father's motion.

We affirm.

# Facts and Procedural History

Mother and Father are the biological parents of Child, who was born on July 22, 2013. At the time of Child's birth, Mother and Father lived together and were engaged to be married. Sometime in 2015, Mother and Father separated. Although there was no court order regarding child support or parenting time, Mother allowed Father to have parenting time with Child until April 2016, and Father paid some child support for Child up until that time. However, because Child returned from visiting Father with sunburn, a diaper rash, and some bruises, Mother believed Father was not "watch[ing Child] properly." Tr. Vol. I at 64. Therefore, Mother and Father agreed through text messages that Father would take four parenting classes and Mother would allow Father to visit Child after Father completed each class. Father completed the first four-hour parenting class and had a visit with Child. However, Mother did not allow Father to visit with Child thereafter because Father told her he would not be taking the other three parenting classes because he could not afford them.

[4]    The last time Father had parenting time with Child was in April of 2016, despite his repeated requests to Mother to allow him parenting time. On March 1, 2018, Father filed a petition to establish paternity, custody, parenting time, and child support. On June 5, 2018, Mother and T.S. filed a Petition for Step-Parent Adoption. On June 19, 2018, in the paternity action, the parties filed an agreed order that Father is the biological father of Child, and the court approved and adopted that order. In the adoption action, Father filed a motion to contest adoption on July 5, 2018. On March 11, 2019, the court-appointed Guardian Ad Litem ("GAL") filed a report in the adoption action in which she noted that "Father has attempted on numerous occasions to exercise parenting time but Mother has refused Father's attempts" and/or failed to respond to those attempts "due to an Adoption proceeding pending."[1] Appellee's App. at 22.

[5]    On May 13, 2019, the trial court held a hearing on Father's motion to contest the adoption. At that hearing, Father and Mother testified and submitted into evidence copies of numerous text messages between Father and Mother as exhibits. That evidence showed that, from 2015 to the time of the hearing, (1) Father made many attempts to exercise parenting time with Child by asking Mother by text if he could visit with Child, speak with Child by telephone, give presents to Child, and obtain a picture of Child; (2) Father also unsuccessfully

---

[1] The GAL report did not make a recommendation to the court regarding any of the pending motions because the GAL believed she could not "complete her investigation until the Court rules on the Step-Parent Adoptions." Appellee's App. at 23.

tried to arrange parenting time through text messages to Child's maternal grandmother, M.H. ("Grandmother"); and (3) Mother denied Father parenting time from April 2016 to the time of the hearing because Father had not completed three additional parenting classes.

[6] On May 16, 2019, the trial court ruled that Father's consent was required for the adoption. The trial court found that Father had not seen Child in three years only because Mother had "thwarted" Father's multiple attempts to have parenting time with Child within that time period. Amended Appealed Order at 1. The trial court set a hearing on parenting time in the paternity action. Mother and T.S. filed a motion for interlocutory appeal of the May 16, 2019, decision in the adoption matter, and the trial court certified the interlocutory appeal on June 24, 2019. This Court accepted the interlocutory appeal on August 27, 2019, and this appeal ensued.

# Discussion and Decision

[7] Mother and T.S. contend that the trial court erred when it ordered that Father's consent was required for T.S.'s adoption of Child. Our Supreme Court has recently reiterated our standard of review in adoption cases:

> In family law matters, we generally give considerable deference to the trial court's decision because we recognize that the trial judge is in the best position to judge the facts, determine witness credibility, "get a feel for the family dynamics," and "get a sense of the parents and their relationship with their children." *MacLafferty v. MacLafferty*, 829 N.E.2d 938, 940 (Ind. 2005). Accordingly, when reviewing an adoption case, we presume that

the trial court's decision is correct, and the appellant bears the burden of rebutting this presumption. *In re Adoption of O.R.*, 16 N.E.3d 965, 972–73 (Ind. 2014).

The trial court's findings and judgment will be set aside only if they are clearly erroneous. *In re Paternity of K.I.*, 903 N.E.2d 453, 457 (Ind. 2009). "A judgment is clearly erroneous when there is no evidence supporting the findings or the findings fail to support the judgment." *Id*. We will not reweigh evidence or assess the credibility of witnesses. *In re Adoption of O.R.*, 16 N.E.3d at 973. Rather, we examine the evidence in the light most favorable to the trial court's decision. *Id*.

*E.B.F. v. D.F.*, 93 N.E.3d 759, 762 (Ind. 2018).

[8]     This case is governed by Indiana Code Section 31-19-9-8(a)(2), which provides that a biological parent's consent to adoption is not required if, among other reasons, the noncustodial biological parent for at least one year: "(A) fails without justifiable cause to communicate significantly with the child when able to do so; or (B) knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree." Efforts of a custodial parent to "thwart communication between the non-custodial parent and [his] child are relevant to determining the non-custodial parent's ability to communicate and should be weighted in the non-custodial parent's favor." *E.B.F.*, 93 N.E.3d at 766. The party seeking to adopt bears the burden of proving by clear and convincing evidence that the noncustodial parent's consent is not required. *S.L. v. K.G.* ("*Matter of Adoption of E.M.L.*"), 103 N.E.3d 1110, 1116 (Ind. Ct. App. 2018), *trans. denied*.

[9] Here, the evidence supports the trial court's finding that Father would have had contact with Child if not for Mother's successful thwarting of all his attempts to facilitate parenting time. Testimony at the May 13, 2019, hearing, texts in both parties' exhibits, and the GAL report all provide evidence that, from 2015 up to date of hearing, Father repeatedly asked Mother to allow him to visit Child, speak with Child by telephone, give presents to Child, and obtain a picture of Child, and Mother repeatedly ignored or refused those requests. The testimony and Father's Exhibit 6 show that Father also tried to reach Mother through texts to Grandmother in order to obtain parenting time with Child. Father also stopped at Mother's house on at least one occasion in 2017 to try to see Child.

[10] Moreover, Mother's own testimony shows she denied Father contact with Child since April of 2016 because he had agreed by text message that he would take four parenting classes, but he only took one. Mother admitted the parenting classes were not court-ordered but insisted Father had to complete all four classes in order to see Child. Ostensibly, Mother's concern was that Father did not properly "watch" Child during his visits with her. Tr. Vol. I at 64. Yet, Mother testified that she would not have let Father have ten minutes of parenting time even if she were there to supervise the brief visit. The evidence supported the trial court finding that Father would have had contact with Child but for Mother thwarting that contact, and that finding supports the trial court's conclusion that Father did not fail, "without justification," to communicate with Child for at least one year. I.C. § 31-19-9-8(a)(2)(A).

Mother and T.S. also maintain that Father's consent to the adoption of Child is not required because he failed to pay child support for at least one year. Although there is no court order that Father pay child support, there is a common law duty for noncustodial parents to do so when able. *See, e.g.*, *J.J. v. D.E.* ("*In re Adoption of J.L.J.*"), 4 N.E.3d 1189, 1194 (Ind. Ct. App. 2014), *trans. denied*. However, the burden is on the person seeking to adopt to prove by clear and convincing evidence that the noncustodial parent not only failed to pay support but was *able* to do so. I.C. § 31-19-9-8(a)(2)(B); *Matter of Adoption of E.M.L.*, 103 N.E.3d at 1116. Mother and T.S. submitted no evidence of Father's ability to pay child support, and there is no such evidence in the record. That is, there is no evidence that Father failed to pay child support for at least one year "when able to do so." I.C. § 31-19-9-8(a)(2)(B).

The trial court did not commit clear error when it held that Father's consent is required for the adoption of Child.

Affirmed.

Crone, J., and Altice, J., concur.